# AUGUSTUS PORTER, PETER B. PORTER, BENJAMIN BARTON, SHELDON THOMPSON, JACOB TOWNSEND, ALEXANDER BRONSON, AND NATHANIEL SILL, LATE PARTNERS IN TRADE UNDER THE FIRM OF SILL, THOMPSON, & CO., *versus* AUSTIN E. WING, SHERIFF OF WAYNE COUNTY

October 31, 1825

Charles Larned and William A. Fletcher, attorneys for plaintiffs.
Spencer Coleman and John L. Leib, attorneys for defendant (1822).

## [OPINION]

Porter vs Wing—

Two motions have been made in this case— The first motion is made by the Pltff for Judgment for want of Plea— The second is made by the Def$^t$ for a non-suit, on the ground that no declaration was filed within the time limitted by the rule entered in the case— The whole case has been argued, and both motions are before the Court.—

It appears by the record of the Court, that on the 5th of Oc$^t$ 1822, a rule was entered on the Pltff to file a Declaration in three months, or become nonsuit. And at the same time the def$^t$ was laid under a rule to plead in three months after the Declaration should be filed, and on failure to be defaulted—

It is agreed that the Pltff filed his declaration on the evening of the 5th of Jany 1823— That about 8 or 9 oClock in the evening of the fifth, the Counsel Called on the Clerk at his own house and delivered to him the Declaration, that the 5th of Jany was Sunday— That the office of the Clerk was at that time kept in a different building from his House—

The Deft Contends, first that the declaration was not filed, within the time limitted by the rule— and 2dly that the filing of the Decl. on a Sunday was void— and thirdly that the delivery of the Declaration to the Clerk at his own house, was not a filing of the same in his office, in contemplation of Law—

I presume that it will be admitted that the clerk of the Supreme Court is bound to keep an office, in which the records, documents and papers belonging the Court, shall be deposited, secured and safely kept— That it is the duty of the Clerk to attend at such office, daily, Sundays excepted within reasonable office hours, and therein transact the Business of the Court, so far as necessary to be done out of Court— That the office is a public office, into which all persons may enter at proper hours, to inspect the records of the Court and other documents filed in said office—

It is provided by the Statute of the Tery passed the 24th of July 1825. That "The said Clerk shall keep his office at the seat of Government of the Territory of Mich-igan"— The office mentioned in the Law is in the singular, which necessarily restrains him from keeping Two offices, of the S. Court.

The delivery to the Clerk of a Declaration at his Dwelling house, or other place out of his office cannot be considered a filing in Law— If such a practice can be sanctioned in one instance, it may be in all, and would defeat the reason of the Law which is to give notoriety to the act. When a declaration or plea is filed in the office, the opposite party must take notice thereof at his peril. The rule operates on him and runs from the moment of filing— No notice of the act is served on him— He must resort to the office for his information, and his neglect is at his peril— I am therefore of the opinion that the delivery of the Declaration by the Pltffs Counsel, to the Clerk, at his dwelling house on the evening of the 5th of Jany was not a regular filing thereof in his office—

In answer to the second point made by the defendant I have doubts— The statute is very clear & explicit, so far as relates to the service of process— it re-strains it— But what is process in contemplation of the statute is not so clear— Nor has this Court to my knowledge given a construction to the act  As to the arrest of of Lord Selkirk— The question there raised, which was an actual arrest upon Capias, on a Sunday, was decided before the present Statute passed— The Counsel attempted to support that arrest at Com. Law, and on principle—

The framers of the statute must have had in view the preservation of the public peace on the Sabbath, and therefore interdicted the service of all process, the execution of which might Cause disturbance— I cannot discover any good reason, for extending the provisions of the act beyond that object— A Declaration is not such process, as that the filing thereof in the Clerks office, would be the service of process— Yet I am satisfied, that the Clerk, ought to be and is restrained from opening his office and doing business on Sunday— As Sunday is not a judicial day in Law, this Court Cannot recognize, any official act that shall be done by him on that day, unless within the exceptions made by the Statute—

On the first point, what is a month in judicial proceedings? That point I believe is settled— All writers on Law, so far as my reading enables me to decide, agree that four weeks, make a month in Law— and that such is the uniform decision, in respect to Leases & other writings, where a Contrary understanding is not made

to appear by proof— The reason probably is that lunar months are of equal Length, and the number of days necessary to form a month are known to all persons. Such is not the fact as relates to the division of time into Julian months, as commonly called— They differ in their length, some being longer and some shorter— Such being in my opinion the settled Law, I do not feel myself at Liberty to depart from it in the present instance— The 5th of Jany, the day on which it is contended the declaration was filed, was overtime at Least 7 days. I am therefore of opinion that the Def$^t$ is not in default, and that Pltff must be nonsuited—unless the time to declare shall be extended—